E-FILED
Tuesday, 01 September, 2026 02:11:49 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **AMANDA NEISLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 26-cv-1263** |
| | ) | |
| **LIVINGSTON COUNTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is now before the Court on Defendant Livingston County's [9] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Livingston County's Motion is GRANTED IN PART as set forth herein.

## I. BACKGROUND[1]

Plaintiff Amanda Neisler worked as a correctional officer for the Livingston County Sheriff's Office from approximately June 9, 2025, until her termination on October 29, 2025. (D. 1, p. 2). As a correctional officer, Neisler's duties included conducting headcounts, patrolling cellblocks, maintaining discipline, and escorting or transporting inmates to court, medical facilities, or other correctional institutions. *Id.* at pp. 2–3.

Neisler has narcolepsy, which she alleges causes loss of sleep and lack of concentration, which substantially limits her neurological and brain function. *Id.* at p. 3. Despite this condition, Neisler alleges that she was able to perform the essential functions of her job with or without reasonable accommodation. *Id.* After being hired, Neisler completed field training on a rotating schedule with both day and night shifts without issue. *Id.* After field training, Neisler was

[1] The following factual allegations are drawn from the Complaint. (D. 1). At this stage, the Court accepts all well-pleaded allegations in the Complaint as true. *See Sung Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

permanently assigned to the night shift, which she attempted to work despite the impact the overnight schedule had on her medical condition. *Id.* Shortly thereafter, another correctional officer, Brianna Osenga, reportedly informed Defendant's management that she wished to switch her day shifts with Neisler's night shift. *Id.* at p. 4. Livingston County, however, denied the requested shift change. *Id.*

As her symptoms worsen due to her overnight schedule, Neisler requested assignment to the day shift as a reasonable accommodation to perform her job while managing her disability. *Id.* In support, Neisler provided documentation from her neurologist. *Id.* Livingston County repeatedly sought additional medical documentation supporting the accommodation request, and Neisler provided updates. *Id.* Ultimately, the neurologist opined that Neisler could perform her job duties, work twelve hours per day and five days per week, and required only a day-shift restriction. *Id.*

Livingston County rejected the medical documentation from Neisler's doctor and instead focused on whether her neurologist would certify her ability to carry and use a firearm. *Id.* at p. 5. The neurologist declined to make such a determination because it was outside her specialty. *Id.* Livingston County offered no alternative reasonable accommodation and required Neilser to use accrued leave while the accommodation process remained unresolved. *Id.* Neilser alleges that similarly situated correctional officers, including Brianna Osenga and Emily Miller, received reasonable accommodations, and that Officer Gregory McNeil and Sergeant Handegan were permitted to work with restrictions. *Id.*

On October 20, 2025, Neilser followed up on her accommodation request. *Id.* Despite the medical documentation and her alleged ability to perform essential duties, her accommodation request was denied. *Id.* at p. 6. On October 27, 2025, Neisler submitted another accommodation

request to work the day shift, which Livingston County rejected without further engaging "in a good-faith interactive process." *Id.* Livingston County then terminated Neisler's employment on October 29, 2025. *Id.* The termination letter cited the permanence of Neisler's medical condition and asserted that accommodating her day shift restriction would create an undue hardship. *Id.* Neisler alleges that her termination was based on her disability, and her engagement in a protected activity, and that Livingston County failed to engage in an interactive process as required by the ADA.

After filing an EEOC charge and receiving a right to sue letter, (D. 1-2; D. 1-3), Neisler filed this case under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, ("ADA") for failure to accommodate, disability-based discrimination, disability-based harassment, and retaliation. (D. 1, p. 1). Livingston County now moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) because the Sheriff, not the County, is Neisler's employer. The matter is fully briefed.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the factual allegations must be sufficient to give the defendant fair notice of the claim and the grounds upon which it rests and must contain sufficient factual allegations, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion a court will treat all allegations in the complaint as true and draws all reasonable factual inferences in the plaintiff's favor. *Kahn v. Walmart Inc.*, 107 F.4th 585, 593–94 (7th Cir. 2024). This standard is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586–87 (7th Cir. 2021).

## III. DISCUSSION

At issue whether Neisler has named the correct defendant. It is Livingston County's position that it should be dismissed because the Livingston County Sheriff's Office, not the County, was Neisler's employer. Livingston County argues the relevant statutory and case law framework establishes that the Sheriff operates independently of the County and has exclusive control over the Sheriff's Office's personnel. (D. 9, p. 3). Therefore, the Sheriff makes the employment decisions regarding its correctional officers, and Livingston County cannot be held liable as Neisler's employer. *Id.* at pp. 3–4 (citing *Young v. Peoria County*, 2017 WL 3741551 (C.D. Ill. Jan. 25, 2017)).

According to Livingston County, under Illinois law a sheriff is responsible for operating the county jail and controlling the internal operations of his office. (D. 9, p. 3) (*citing* 730 ILCS 125/3 and 55 ILCS 5/3-6018). Livingston County also argues that Seventh Circuit precedent repeatedly recognizes that Illinois' sheriffs are independently elected officials not subject to county control, and that counties cannot be held liable for a sheriff' decisions or its personnel. *Id.* (*citing Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995), *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998), and *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989)).

In response, Neisler argues that multiple entities can qualify as an employer, and an entity's control over the challenged act is central. (D. 12, p. 1) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1088–89 (7th Cir. 2008)). Neisler contends that she has sufficiently claimed that Livingston County had such control over the above conduct and highlights her allegations that Livingston County controlled: the challenged shift assignments, accommodation request process, her removal

from work, and then termination. *Id.* at pp. 2, 5. She argues that at this stage the Court must accept those allegations as true and therefore dismissal is unwarranted.

Neisler also asserts that the cases relied on by Livingston County are inapposite because they involve respondeat superior or municipal liability under 42 U.S.C. § 1983, and do not govern the ADA's employer analysis. *Id.* at p. 2. She argues she does not seek to impose ADA liability based solely on a principal–agent or funding relationship, but on alleged direct control over the challenged acts; thus, she argues, dismissal should be denied.

Alternatively, if the Court finds that Livingston County is not the proper employer under the ADA, Neisler requests the Court grant her leave to amend the Complaint to add the Livingston County Sheriff under Federal Rules of Civil Procedure 15 and 21. Neisler points to the EEOC charge in support of allowing leave to amend because it states that she was a correctional officer for Livingston County Sheriff's Office and uses the Sheriff's Office address and phone number, and describes the same accommodation request and termination. She also notes that Livingston County acknowledged that it may still be a necessary indemnifying party in its Motion to Dismiss. (D. 9, fn. 1). Therefore, Livingston County should not be removed from this action entirely.

***A. Employer under the ADA:***

Title I of the ADA prohibits a "covered entity" from "discriminat[ing] against a qualified individual on the basis of disability in regard to…discharge of employees, employee compensation…and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "covered entity" is defined as "an employer, employment agency, labor organization, or joint labor-management committee." *Id.* at § 12111(2). The Seventh Circuit has held that only those who meet the ADA's definition of "employer" can be held liable under the ADA. *U.S. E.E.O.C. v. AIC Sec. Investigations, Inc.*, 55 F.3d 1276, 1279 (7th Cir. 1995). "This is a pure

question of law." *Id.*

The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day…and *any agent* of such person." 42 U.S.C. § 12111(5)(A) (emphasis added). The ADA's definition of "employer" is the same as Title VII of the Civil Rights Act of 1964's and the Age Discrimination in Employment Act's definitions, and courts "routinely apply arguments regarding employer liability to all three statutes interchangeably." *AIC Sec. Investigations, Inc.*, 55 F.3d at 1279–80. Under those statutes, the definition of "employer" includes the employer's agents and, therefore, general common law agency principles apply. *See Mateau–Anderegg v. Sch. Dist. of Whitefish Bay*, 304 F.3d 618, 623 (7th Cir.2002) ("Courts are to interpret Title VII "based on agency principles.").

Here, the EEOC charge states that Neisler worked as a correctional officer for the Livingston County Sheriff's Office. (D. 1-2). The Complaint and EEOC charge both state that Defendant's address is 844 W. Lincoln Street, Pontiac, Illinois, 61764, which is the address for the Livingston County Sheriff's Office. (D. 1, ¶ 9); (D. 1-2).[2] Thus, Neisler may only bring an ADA claim against Livingston County only if she sufficiently alleges an agency relationship between the County and the Sheriff's Office. Neisler argues that she sufficiently alleged in the Complaint that the County, rather than the Sheriff, had control over the discriminatory conduct and, at this stage, the Court must accept those allegations as true. The Court disagrees.

"The federal courts look to state law to determine if a defendant is amenable to suit." *DeGenova v. Sheriff of DuPage County,* 209 F.3d 973, 976 n. 2 (7th Cir.2000). The Illinois County Jail Act and related statutes grant control of the internal operations of the Sheriff's Office to the

[2] Neisler initially attempted service on Livingston County at the Livingston County Sheriff's Office, 844 W. Lincoln Street, Pontiac, Illinois, 61764, (D. 7); and later effected service on Livingston County at 112 W. Madison Street, Pontiac, Illinois, 61764. (D. 10). The later address is not mentioned in the EEOC charge or the Complaint.

Sheriff. *See* 55 ILCS 5/3–6018; 730 ILCS 125/2. The Sheriff is an independently-elected constitutional officer who answers only to the electorate and is not subject to the control of the county. *See* Ill. Const. Art. VII, § 4(c); *see also Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989); *Ryan v. Cnty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995). Here, there are no allegations that the County and the Sheriff jointly controlled the Sheriff's internal operations, or that an employment relationship existed between them to support respondeat superior. *See Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill.1994); *see also Franklin v. Zaruba*, 150 F.3d 682, 685–86 (7th Cir. 1998) (explaining *Moy* "distinguished county *employees,* who are closely controlled by the county board, from county *officers*, like the sheriff, over whom the county board has little control. Thus, the county's liability extended only to county employees and not to independent county officers.").

Thus, the Court dismisses Neisler's ADA claims against the County because they are unsustainable absent an employment or agency relationship between the County and the Sheriff.

***B. Leave to Amend and Add Party:***

Alternatively, Neisler asks for leave to amend to substitute the Livingston County Sheriff as the proper defendant without altering any claims or facts, and to add a claim for indemnification against Livingston County under Federal Rules of Civil Procedure 15(a)(1)(B) and 21. Rule 15(a)(1)(B) provides that a plaintiff may file an amended complaint as matter of law within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). Neisler, however, did not file an amended complaint within that time period. Neisler may still amend her Complaint with the Court's leave under Rule 15(a)(2), which the Court "should freely give leave when justice so requires." *Id.* at 15(a)(2). Additionally, the Seventh Circuit Court has repeatedly held that a

plaintiff should be given at least one opportunity to amend her complaint before dismissal with prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015).

As Neisler pointed out, the EEOC charge was addressed to the Livingston County Sheriff's Office, indicating it was put on notice of this charge. Livingston County's Motion to Dismiss also acknowledges that it may be a necessary party as an indemnifier. (D. 9, p. 4, fn.1). Accordingly, the Court grants Neisler leave to amend to substitute the Livingston County Sheriff as the proper defendant for her ADA claims and to add a claim for indemnification against Livingston County.

## IV. CONCLUSION

For the reasons set forth above, Defendant Livingston County's [9] Motion to Dismiss is GRANTED, and Plaintiff's request for leave to amend is also GRANTED. The Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff shall file an amended complaint within twenty-one (21) days to substitute the Livingston County Sheriff as defendant and to add a claim for indemnification against Livingston County, consistent with this Order.

ENTERED September 1, 2026.

/s/ Michael M. Mihm
United States District Judge